ADOPTION OF JACKSON: COCKROFT and wife, Appellants, vs. ULRICH and wife, Respondents.

*April 29—June 11, 1930.*

For the appellant there was a brief by *Curkeet & Lewis* of Madison, and oral argument by *William R. Curkeet.*

For the respondents there was a brief by *Warner & Risser,* attorneys, and *Warren H. Resh,* of counsel, all of Madison, and oral argument by *Mr. Resh.*

ROSENBERRY, C. J. In this case the trial court filed an interesting and very helpful written opinion which discloses that he gave most careful consideration to the claims of the respective petitioners and that he fully appreciated the nature of the issues and applied the proper rules of law in arriving at his determination. The court said:

"The question, therefore, resolves itself into a matter of determining what is most suitable and for the best interests of the child; and in passing upon this question the court would wish for the wisdom of a Solomon."

The court after weighing the matter pro and con was of the opinion that the petition of the Ulrichs should be granted. After setting forth other material matters the court said:

"Measuring the two families as the same was evidenced to the court from the testimony, the court has been more favorably impressed with the character and standing of the Cockroft family, and the court is of the impression that the child would be taken up by the Cockroft family in a most affectionate way, and given every love and attention, with the peculiar feeling that the child takes the place of their unfortunate daughter, Mrs. Jackson.

"On the other hand, the Ulrichs have cared for the child in a most commendable way, and the child naturally is attached to its aunt, Leona Ulrich. The question naturally suggests itself to the court as to the wisdom of giving the child to these young people who have been married only two years since August, and who may have, and in all likelihood will have, children born to them. If children should be born to them, will Ronald Jackson naturally come to occupy the position of a stepchild? This question has given the court the greatest concern, and has made the court hesitate as to awarding the child to the younger people.

"On the other hand, the disparity of age between the grandparents and the child makes the court hesitate to award the child to them. These good people have raised their children in a most admirable way, and it would mean that they must start all over again in the bringing up of a family, if the Jackson baby should be awarded to them; while the grandparents would bestow every devotion upon the child, the younger people are naturally more adapted to the immediate cares which the child should receive, and the court has therefore, with considerable hesitancy, resolved the question in favor of the younger people, and believes that Mrs. Ulrich will continue to bestow that maternal care upon the orphan which she has so far conspicuously shown, and it is hoped that the adoptive father, Mr. Ulrich, will likewise continue to properly provide for the child.

"Naturally the ties of blood will always prompt the grandparents to continue their affection for the orphaned grand-

child, even though they be not burdened with the care of rearing it."

On behalf of the grandparents it is argued here that they are the natural guardians of the orphan grandchild and legally entitled to assert the rights of such guardian. Whatever the situation may have been at common law, under the statute, sec. 322.02, there can be no doubt that the controlling consideration is and should be the welfare and best interests of the child. It is quite likely that statements may be found in opinions to the effect that blood relatives have so-called "rights" in minor children. More often statements may be found that such relatives should be given a preference. These conclusions no doubt rest upon the general proposition that ties of blood are acknowledged and respected by people generally, and therefore those who are bound by such ties will take a greater interest in the child than strangers to the blood, the degree of interest being to some extent determined by the degree of kinship. In a particular case this may or may not be true. We have no hesitation, however, in declaring that in Wisconsin at least no one has rights in the custody of a child superior to the right of the child to have its best interest and welfare promoted. In this case both families appear to be entirely suitable. There are blood ties on both sides. One cannot help but sympathize with the attitude of the grandparents, but when one looks at the future it would seem that the child growing up with younger people, quite likely in a family with other children, would have a more normal and wholesome development than with people separated from it in age by a half century.

We regard the matter as involving purely a question of fact. The trial court having found in favor of the petitioners Carl and Leona Ulrich, its finding under the facts disclosed by the evidence in this case cannot be set aside.

*By the Court.*—Order affirmed.